## Coddington v. Hoblit.

1. *Practice—Technical Objections.*—A party desiring to urge an objection which is purely formal and technical must do so in the court below. It can not be urged for the first time in the Appellate Court; *so held,* where a party raised the question for the first time in the Appellate Court, that an action could not be maintained by an assignee of a written instrument because it was not assignable.

2. *Pleading—Fraud and Circumvention.*—A plea which attempts to set up fraud and circumvention in the execution of an instrument in writing, and the alleged false representations and fraud relied upon did not relate to the execution of the instrument, but solely to the consideration that moved the defendant to enter into it, is bad. The defense sought to be interposed by such a plea can only be sustained by fraud or circumvention in the execution of the instrument and not by proof of a failing, partial or total, of the consideration.

3. *Damages.*—In action upon a contract to convey lots, where the consideration was the construction and operation of a street car line and the conveyance of the lots, the damages can not be estimated from proof of the difference between the contract price and the market value of the lots at the time of the breach of the contract.

**Memorandum.**—Action in assumpsit. Appeal from a judgment for plaintiff, rendered by the Circuit Court of Logan County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

The opinion of the court states the case.

APPELLANT'S BRIEF, OSCAR ALLEN AND HARTS & HUMPHREY, ATTORNEYS.

In order that an instrument may be assignable so that suit may be maintained in name of assignee, it must be payable absolutely and not on contingency. Kingsbury v. Wall, 68 Ill. 312; Kelley v. Hemmingway, 13 Ill. 604; Baird v. Underwood, 74 Ill. 176; Husband v. Eppling, 80 Ill. 174. And this is the rule as to otherwise non-negotiable paper even if made payable with the words "to order," (Turner v. P. & S. R., 95 Ill. 134,) or with any other words, (Bishop on Cont., Sec. 1179,) the only exception being covenants run-

Coddington v. Hoblit.

ning with land, (Smith L. C. 6th Ed. Vol. 1–211, 181, 159, 140; Rawle Cov. 2d Ed. 340, 341,) unless maker promises assignee directly. Chitty Cont., 614, notes; Am. L. C. 4th Ed. 191.

Plea of fraud held proper in suit on written agreement, (Grier v. Puterbaugh, 108 Ill. 606,) and also in case of subscription. Rutz v. Esler & Ropiequet Co., 3 Brad. 83. Also as against promissory notes. Slack v. McLagan, 15 Ill. 249; Byles on Bills, 94, 95; Story on Bills, Sec. 185–190, and generally, Allen v. Hart, 72 Ill. 104; Bacon's Abridgment, Vol. 4–386 (10 Vol. Ed.); Jamison v. Beaubien, 3 Scam. 113; Lowry v. Orr, 1 Gil. 70; Rogers v. Brent, 5 Gil. 573; Am. & Eng. Enc. Law, Vol. 8, p. 635; Thompson on Trials, Sec. 244.

The demurrer was general, not special, so that the only question to be considered on demurrer was whether the facts set out in the special pleas were sufficient under any form of plea. Allen v. Breusing, 32 Ill. 508; Parson's Notes and Bills, 1–211, end of note " s;" Wheelock v. People, 84 Ill. 555.

The damages against a vendee of land refusing to carry out his contract, is the difference between contract price and value of land at time of breach. Old Colony R. R. v. Evans, 6 Gray (Mass.), 25; Sanborn v. Chamberlain, 101 Mass. 409; Sawyer v. McIntyre, 18 Vt. 27; Griswold v. Sabin, 51 N. H. 167, 12 Am. Rept. 76; Parsons Cont., Vol. 2, 232; Sedgwick Dam. 191.

Statute provides penalty for selling or offering to sell any lot in any addition to any city unless surveyed, acknowledged, certified to and filed. Rev. Stat. Starr & Curtis, Vol. 2, page 1766, Sec. 5. Where doing an act or making a contract is punished by penalty, if such contract is made, it is void. Bishop Cont. Sec. 471, and cases cited in note 4; Greenhood Pub. Pol. 530, Sec. CCCCLI–B, and cases cited; Petrel Guano Co. v. Jarnette, 25 Fed. Rep. 575; and to same effect when contract is any way prohibited. Wells v. People, 71 Ill. 532; Banking Co. v. Rautenberg, 103 Ill. 460; Penn v. Bornman, 102 Ill. 523; Miller v. Post, 1 Allen (Mass.) 434; Smith v. Arnold, 106 Mass. 269; Prescott v.

Battersby, 119 Mass. 285; Griffith v. Wells, 3 Den. (N. Y.) 226.

Where a contract sued on is under seal, all distinction between sealed and unsealed instruments is abolished, so far as pleading and defending is concerned. Rev. Stat. Ch. 110, Sec. 119; Adams v. Arnold, 86 Ill. 185; Dean v. Walker, 107 Ill. 546.

APPELLEE'S BRIEF, BEACH & HODNETT, ATTORNEYS.

If the assignor should have sued for the use of appellee, appellant can not for the first time make that objection in this court, as it could have been obviated by amendment, if made in the court below, and to avail of it appellant should have raised the question in the trial court, and assigned that error on the motion for a new trial. Lake Shore & Mich. So. Ry. Co. v. Ward, 35 Ill. App. 423; St. Clair Co. Ben. Soc. v. Fietsam, 97 Ill. 474; Start v. Moran, 27 Ill. App. 119;

Amendment is allowable at any time before final judgment, substituting a nominal plaintiff in the suit. McCall v. Lee, 24 Ill. App. 585; 120 Ill. 261; U. S. Insurance Co. v. Ludwig, 108 Ill. 514; Chandler v. Frost, 88 Ill. 559; McDowell v. Towne, 90 Ill. 359.

Where the objection is one that might have been obviated by amendment, if it had been seasonably made in the court below, it can not be urged for the first time in this court. Tug Boat v. Waldron, 62 Ill. 221; Zeigler v. Cox, 63 Ill. 48; Thompson v. Hoagland, 65 Ill. 310; Bowden v. Bowden, 75 Ill. 111; Railroad Co. v. Estes, 96 Id. 473; Utter v. Jaffray, 15 Brad. 236; Woods v. Hynes, 1 Scam. 103; Mulford v. Shepard, Id. 583; Depuy v. Schuyler, 45 Ill. 306; Clarke v. Johnson, 54 Ill. 296; Adams v. Woolbridge, 3 Scam. 254; Latham v. Smith, 45 Ill. 25; Shipley v. Carroll, Id. 285; Elliott v. Levings, 54 Ill. 213; Easter v. Minard, 26 Ill. 494; Andrix v. People, 9 Ill. App. 42.

The pleas of fraud and circumvention were bad, because they alleged fraud in relation to the consideration of the instrument, and not fraud in relation to the execution.

Richelieu Hotel Co. v. Int. Mil. E. Co., 29 N. E. Rep. 1044; Woods v. Hynes, 1 Scam. 103; Mulford v. Shepard, Id. 583; Adams v. Woolbridge, 3 Scam. 255; Latham v. Smith, 45 Ill. 25; Shipley v. Carroll, Id. 285; Depuy v. Schuyler, Id. 306.

Penal statutes receive a strict interpretation.   Chicago v. Rumpff, 45 Ill. 91; Raplee v. Morgan, 2 Scam. 561; Potter's Dwarris on Statutes, 245.

Where liabilities have been incurred in consequence of a subscription, the subscriber is bound.   Hudson v. Green Hill Cem., 113 Ill. 618; McClure v. Wilson, 43 Ill. 356; Kinsley v. Int. Mil. En. Co., 41 Ill. App. 259; Id. 29 N. E. Rep. 1044.

It would certainly be unjust to the trial court to be held responsible for errors that were not brought to the attention of the court.   It is the duty of the party insisting on alleged error to get the ruling of the trial thereon, and have the error corrected, if possible.   If he fails to do so he can not insist on such error for the first time in this court. Mooney v. Moriarty, 36 Ill. App. 175; Greser v. The People, 36 Ill. App. 415; Lake Shore & Mich. So. Ry. Co. v. Ward, 35 Ill. App. 423; Start v. Moran, 27 Ill. App. 119; St. Clair Co. Ben. Soc. v. Fietsam, 97 Ill. 474.

Opinion of the Court, Boggs, J.

The appellant executed and delivered to one John F. Mundy, the following instrument:

Lincoln, Ill., Feb. 11, 1891.

I hereby agree to, and with John F. Mundy, or his assigns, for and in consideration of his efforts to perform the conditions hereinafter mentioned to buy of him lots three and four, block eight, in Woodlawn addition to the city of Lincoln, Logan County, Illinois, at two hundred and fifty dollars per lot on the following terms and conditions : that if the said John F. Mundy, or his assigns, shall, within eighteen months from the date of this agreement, procure to be put in and established in the city of Lincoln, Illinois, a street car line of not less than three miles in length, and extending through Woodlawn addition to the city of Lin-

coln, on Oglesby avenue, and have said street car line in operation for the carriage of passengers, and said John F. Mundy, or his assigns, shall also within the time above mentioned, tender to me a good and sufficient deed conveying to me the fee title to the lots above described, clear of all incumbrances, I agree to receive said deed and pay to said John F. Mundy, or his assigns, the price per lot above mentioned.

Upon failure of above conditions, this contract is to be void as to both parties.

[SEAL.]                                JAMES CODDINGTON.

Mundy assigned it to the appellee, who constructed and put in operation the street car line referred to, and tendered the appellant within eighteen months a good and sufficient deed, conveying to him an unincumbered fee simple title to the lots mentioned. The appellant refused to accept the deed, or to pay the sum of money stated in the writing to be paid. In this, an action of assumpsit upon the within instrument, the appellee, in the Circuit Court, upon a hearing before the court without a jury, recovered a judgment for the sum mentioned in the instrument, to be paid upon compliance therewith, together with five per cent interest from the date of the tender. Upon the trial the deed for the lots was again tendered to the appellants and filed with the clerk. The judgment of the court requires that the clerk shall deliver it to the appellant upon demand.

This is an appeal from such judgment. No propositions were presented to the court to be held as the law of the case.

It is first urged that the judgment should be reversed, because the instrument sued on was not assignable. This point was not made in the court below. Had it been, the objection, if good, could have been obviated by the introduction of Mundy as the nominal plaintiff. The terms of the instrument authorize the performance of its conditions by Mundy or any one to whom he might assign it, and in it is found the direct and express promise of the appellant to pay to Mundy or his assignee. If a right of action at law did not vest in the assignee, it is only because of the technical rule that such actions shall be instituted in the name

of the party having the legal right for the use of the real plaintiff. A party desiring to urge an objection so purely formal and technical, must do so seasonably. It can not be first mentioned in the Appellate Court.

Appellant's second plea averred that at the time of the execution of the instrument sued on, there was no such addition to the city of Lincoln as Woodlawn, and no such lots and blocks as are described in the writing, and his third plea recites that the statute of the State requires the proprietor of an addition to the city to survey and plat the addition, cause the plat thereof to be recorded before lots therein shall be sold or offered for sale, and avers that no such plat or survey had been made and recorded before the execution of the instrument in suit. It is assigned for error that the court sustained a demurrer to each of these pleas. Construing these pleas most strongly against the pleader, it is to be assumed that when the deed for the lots was tendered to him, the addition to the city had been legally completed. This being true, a recovery ought not to be denied upon the ground alone that it was not true when the writing was made.

It is evident from the face of the instrument, that the purpose of the appellant in executing it, was to secure the construction and operation of the street car line. To accomplish this, he was willing to obligate himself, and did obligate himself, to pay Mundy, or any one to whom Mundy might assign the obligation, the sum of $500, upon the delivery of a deed for the two lots in Woodlawn addition, if the street car line should be completed and in operation through the same addition within eighteen months.

We think these conditions complied with, if the car line was constructed in accordance with them, and the addition to the city legally made, so that the lots could lawfully be conveyed when the appellant was entitled to a deed under the contract. A demurrer was sustained to appellant's fourth plea, and in this it is said error occurred.

This plea attempted to set up, as a defense, fraud and circumvention in procuring the execution by the appellant of

the instrument. The fraud and circumvention set out in the plea, and relied upon, consists of certain alleged false representations of Mundy as to the value of the lots and their qualities, when compared with certain other lots, and that Mundy falsely stated that certain other lots in the addition, which appellant preferred, had been sold, and for that reason the appellant could not contract for such other lots; and another alleged false statement, that no other lots in the addition had been sold for less than §250; and that by reason of such misrepresentations, the appellant was induced to sign the instrument. There is no pretense in the plea that the appellant was in any way deceived as to the instrument he was signing, or that he did not fully understand it. The alleged false representations and fraud did not relate to the execution of the instrument, but solely to the considerations that moved the appellant to enter into the undertaking. The defense sought to be interposed by this plea can only be sustained by fraud or circumvention in the execution of the instrument, not by proof of the failure, partial or total, of the consideration. Richelieu Hotel Co. v. Inter Military Enc. Co., 29 N. E. Rept. 1044.

It is urged that the proper measure of damages for the breach of the contract was the difference between the market value of the lots and the contract price. We think not.

The consideration was the construction and operation of the street car line and the conveyance of the lots; consequently, the damages could not be estimated from proof of the difference between the contract price and the market value of the lots at the time of the breach. If we are right in the view that the pleas were obnoxious to demurrer, it follows that the court properly refused to hear testimony as to the fraud and misrepresentations set up in the pleas.

Finding no error, the judgment must be, and it is affirmed.